# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIMOTHY G. BYFORD, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 17-118-RAW-KEW |
| JOE M. ALLBAUGH, DOC Director, | ) ) ) |
| Respondent. | ) |

## OPINION AND ORDER

This action is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as barred by the statute of limitations. Petitioner, a state prisoner in the custody of the Oklahoma Department of Corrections, is incarcerated at Cimarron Correctional Facility in Cushing, Oklahoma. He is attacking his conviction in Love County District Court Case Number CF-2006-66A for First Degree Murder, raising one ground for habeas corpus relief:[1]

> The state court made an unreasonable determination of facts in light of the evidence, that the petitioner's plea was voluntary, knowing or intelligent, and the petitioner would be entitled to judgment as a matter of law.

(Dkt. 2 at 11).

Respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996:

---

[1] Petitioner is represented by counsel.

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows that on September 10, 2007, Petitioner entered a plea of guilty in Case No. CF-2006-66A. On November 1, 2007, he was sentenced to life imprisonment without the possibility of parole, and the Judgment and Sentence was entered.[2] Because Petitioner did not seek to timely withdraw his plea or seek a direct appeal to the Oklahoma Court of Criminal Appeals ("OCCA"), the conviction became final on November 12, 2007,

---

[2] The Court takes judicial notice of the public records of the Oklahoma State Courts Network at http://www.oscn.net. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

ten days after entry of the Judgment and Sentence.[3] *See* Rule 4.2, *Rules of the Court of Criminal Appeals*, Okla. Stat. tit. 22, Ch.18, App.; Okla. Stat. tit. 22, § 1051. Pursuant to 28 U.S.C. § 2244(d)(1), Petitioner's statutory year began to run on November 13, 2007, and it expired on November 13, 2008. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (the year begins to run the day after the judgment and sentence becomes final). This petition was filed on March 29, 2017, more than eight years after the statutory filing deadline.

On August 10, 2015, Petitioner filed an application for post-conviction relief and appeal out of time, raising the issue of the validity of his plea. The Love County District Court made the following findings about Petitioner's plea and sentence in its Court Order Denying Application for Post-Conviction Relief:

1. The Trial Court took the Defendant's guilty plea on September 10, 2007. In that transcript the Court finds the Defendant provided the following information in summary form:

    A. Defendant agreed he was mentally competent (See Transcript of Guilty Plea p.3. hereinafter ("Tr. Guilty Plea");

    B. **Defendant acknowledged that the range of punishment for the charge he faced was life, life without parole, or death.** (Tr. Guilty Plea p. 4);

    C. Defendant acknowledged he knew he had a right to a jury trial, the right to remain silent, the right to see and hear all witnesses called against him and to cross-examine them, the right to call witnesses and hear evidence brought into court at no expense to him, and that a jury must find his guilt to be by evidence which

---

[3] The tenth calendar day fell on November 11, 2007, which was a Sunday. Thus, Petitioner's conviction became final on the following business day which was Monday, November 12, 2007. *See* Okla. Stat. tit. 12, § 2006(A).

proves his guilt beyond a reasonable doubt. (See Tr. Guilty Plea p. 6);

D.  The Defendant acknowledged that if he pled guilty he gave up those rights. (Tr. Guilty Plea p. 6);

E.  The Defendant acknowledged he had talked with his attorney, had his advice, and believed his lawyer had effectively assisted him in his case. (Tr. Guilty Plea p. 7);

F.  The Defendant pled guilty to First Degree, Felony Murder. (Tr. Guilty Plea p. 7-8).

G.  The Defendant said he pled guilty for the reason he was guilty and he shot the victim in the back of the head with a nine-millimeter. (Tr. Guilty Plea p. 8).

H.  **The Defendant said he was not forced, abused, mistreated, or promised anything by anyone to have his guilty plea entered.** (Tr. Guilty Plea p. 8);

I.  The Defendant said he pled guilty of his own free will, without coercion or compulsion of any kind. (Tr. Guilty Plea p. 8);

J.  The Defendant acknowledged an understanding that this was an 85% crime if the Court sentenced the Defendant to Life. (Tr. Guilty Plea p. 9-10);

K.  **The Defendant understood that there was no way to discharge a Life Without Parole sentence.** (Tr. Guilty Plea p. 10);

L.  **The Defendant acknowledged his right to appeal his guilty plea.** (Tr. Guilty Plea p. 10-11);

M.  At sentencing on November 1, 2007, the Defendant was advised of his right to appeal the sentence. The Defendant waived his ten (10) days and wanted to be transported to the Department of Corrections immediately. (Tr. Guilty Plea p. 14-15).

4

*Byford v. State*, No. CF-2006-66A, slip op. at 1-3 (Love County Dist. Ct. Nov. 19, 2015) (emphasis added) (Dkt. 10-3). The district court concluded:

> The Court first notes that allegations that the Defendant would possibly get commutation were first made by the Defendant or his parents approximately eight (8) years after the Defendant's plea of guilty. Without consideration of the affidavits of the Defendant and his parents and those of Judge Scaggs and the Defendant's [trial] attorney, Don J. Gutteridge, there remains a very clear record. As set out in the Findings of Fact, the Defendant was specifically informed of his possible range of punishment by the District Judge on the record. Nothing was promised by the Court that the Defendant's sentence would possibly be commuted. . . .

*Id.*, slip op. at 4. "[A] determination of a factual issue made by a State court shall be presumed to be correct, and the applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

In its Order Affirming Denial of Post-Conviction Relief, The OCCA summarized the district court's findings and held the district court's ruling "was supported by the record." *Byford v. State*, No. PC-2015-1105, slip op. at 3-4 (Okla. Crim. App. May 25, 2016) (Dkt. 10-1).

Because Petitioner did not initiate his post-conviction proceedings until the limitation period had expired, there is no statutory tolling of the statute of limitations under 28 U.S.C. § 2244(d)(2). *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003). Likewise, Petitioner's second and third post-conviction applications, filed in 2016 and 2017, cannot

5

revive the expired limitation period.[4]

Petitioner asserts he is entitled to equitable tolling of the statute of limitations "as the conviction in State Court came because of ***constructive fraud*** by the State." (Dkt. 2 at 8). He further argues that "trial Counsel working jointly with the State created an impediment which caused a delay in bringing the claim which pursuant to 28 U.S.C. § 2244(d)(1)(B) as the Petitioner would be entitled to equitable tolling" [sic]. (Dkt. 2 at 9).

Petitioner claims his guilty plea was not knowingly and voluntarily entered, because it was based on counsel's erroneous advice that Petitioner would be eligible for commutation after 15 years of incarceration. Petitioner did not learn that counsel's advice was incorrect until January 2015. He, therefore, alleges the statute of limitations should have started running from the time he discovered this factual predicate, pursuant to 28 U.S.C. § 2244(d)(1)(D) (Dkt. 2 at 8-9).

After habeas counsel was retained by Petitioner's family in 2014, counsel began an investigation and ordered transcripts in May 2014. The transcripts, however, were not provided until December 2014.

According to Petitioner, "[t]rial counsel engaged in a covert act with the State to induce his client to enter a guilty plea instead of a trial on false premise of the death penalty without the benefit of the burden of proof for the State to impose such a sentence." Before

---

[4] Both the second and third post-conviction applications were denied, and Petitioner did not appeal either denial to the OCCA (Dkt. 10 at 2).

the plea and sentencing, trial counsel allegedly advised Petitioner that if his behavior in prison was satisfactory, he would be eligible for commutation after serving 15 years. Habeas counsel asserts trial counsel admitted in a January 2015 conversation with her to having said this to Petitioner before his plea. Habeas counsel prepared an affidavit to that effect, but trial counsel did not sign it. In Petitioner's first post-conviction proceedings, the State submitted trial counsel's affidavit which stated counsel encouraged Petitioner to enter a plea, but counsel never promised anything to Petitioner to get him to plead guilty. (Dkt. 2 at 11-12; Dkt. 2-2).

Petitioner and his mother also submitted affidavits, alleging trial counsel misled them about Petitioner's options during the plea negotiations, including the possibility of commutation. The affidavits state the trial judge met privately with Petitioner's parents and advised that the State had a strong case. The judge also allegedly recommended that Petitioner accept the plea offer to avoid the death penalty. (Dkts. 2-3, 2-4).

The trial judge submitted an affidavit for the post-conviction proceedings, denying a private meeting with Petitioner or his parents. The judge, however, recalled arranging a room for Petitioner and his parents to meet privately in the courthouse before Petitioner was taken to jail. This was a common practice to provide a room for a defendant to meet with counsel or close family members. The judge did speak with Petitioner's parents in an outer office of his chambers to tell them they could meet privately with Petitioner, but the plea and sentencing were not discussed. Furthermore, the judge never told Petitioner, his parents, or

7

his counsel that Petitioner would be considered for commutation. He also never commented on the strength of the State's case. (Dkt. 2-5).

Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). "A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. at 418 (2005)) (internal quotation marks omitted).

In *Lane v. Mullin*, No. 12-CV-625-JHP-TLW, 2013 WL 2053651, at *3 (N.D. Okla. May 14, 2013 (unpublished), the petitioner argued that 28 U.S.C. 2244(d)(1)(D) applied to his habeas action, because he did not know he had been convicted of a felony until almost seven years after he entered his plea. The district court noted:

> The record provided by Petitioner reflects that, when Petitioner entered his pleas of guilty, he told the trial judge that he understood that the State had recommended sentencing him to fifteen (15) years imprisonment for Manslaughter (Count I), to five (5) years for DUI/Personal Injury (Count IV), one (1) year for Driving Under Revocation (Count II), and thirty (30) days for Driving Without Security Verification (Count III), all to be served concurrently. . . . Thus, the factual predicate of Petitioner's claim, that he was charged with a misdemeanor in Count IV but allowed to plead guilty to a felony, could have been discovered through the exercise of due diligence when he entered his guilty pleas . . . . While it is possible that Petitioner did not understand the legal significance of all these facts, the limitations period begins to run when the petitioner knows of the facts giving rise to the habeas claim; it is not required that he or she understand the legal significance of those facts. *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000); *see also Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2001) ("[T]he trigger in § 2244(d)(1)(D) is . . . discovery of the claim's 'factual predicate,' not

8

> recognition of the facts' legal significance"). Because Petitioner knew of the predicate facts . . . when he entered his guilty pleas and was sentenced in open court, the limitations period began running when his convictions became final, not when he claims to have learned of the legal significance of the facts . . . .

*Id.*, 2013 WL 2053651 at *3.

After careful review, the Court finds Petitioner has failed to meet his burden of producing clear and convincing evidence to rebut the presumption of correctness in the OCCA's factual findings. *See* 28 U.S.C. § 2254(e)(1). The Court further finds Petitioner was aware of the facts supporting his habeas claim when he entered his plea, and he could have filed a timely petition. *Cf. Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (noting that because the petitioner failed to explain why the documents held by the State were necessary to pursue his federal claim, he was not entitled to have the statute of limitations run from the date he received the state records); *Heinemann v. Murphy*, No. 10-8018, 401 Fed. App'x 304, 309 (10th Cir. Oct. 12, 2010) (unpublished) ("Courts have unanimously rejected the proposition that the absence of transcripts automatically triggers statutory tolling under §2244(d)(1)(B).") (citations omitted). It was not required that he understand the legal significance of these facts. *See Lane*, 2013 WL 2053651, at *3.

In addition, trial counsel's failure to communicate with habeas counsel or to sign an affidavit prepared by habeas counsel did not constitute a state-created impediment. *Cf. Bhutto v. Wilson*, No. 16-8027, 669 Fed. App'x 501, 502-503 (10th Cir. Oct. 4, 2016) (unpublished) (finding defense counsel's failure to turn over notes and other discovery does not constitute state action). Moreover, the court's reporter's delay in transcribing transcripts

9

did not create an impediment to Petitioner's initiating his habeas corpus petition. Because Petitioner has failed to demonstrate a state-created impediment to the filing of his petition for writ of habeas corpus, there can be no tolling on this basis. The petition is barred by the statute of limitations.

**Relief Pursuant to Rule (60)(b)(6)**

In the alternative, Petitioner seeks relief from a final judgment, presumably the judgment in his criminal case, pursuant to Fed. R. Civ. P. 60(b)(6). Rule 60(b) allows relief from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Petitioner again asserts the judgment in his criminal case was obtained by constructive fraud, arguing the State's contract with attorneys through the Oklahoma Indigent Defense System ("OIDS") for representation of defendants in small Oklahoma counties violates the

10

separation of powers clause of the State and Federal Constitutions. He claims that "any money paid to the executive branch (OIDS) comes from the Court fund and would manifest a state-created conflict of interest and constructive denial of counsel rendering counsel ineffective." (Dkt. 11 at 2).

Rule 60(b) does not grant federal district courts the authority to alter or amend a final judgment in a state criminal case. The *Rooker-Feldman* doctrine is a jurisdictional prohibition which is based on 28 U.S.C. § 1257.[5] The doctrine applies to both civil and criminal state-court judgments. *See Market v. City of Garden City*, No. 16-3293, ___ Fed. App'x ___, 2017 WL 6388812, at *4 (10th Cir. Dec. 14, 2017) (citing *Erlandson v. Northglenn Mun. Ct.*, 528 F.3d 785, 788-89 (10th Cir. 2008); *Meadows v. Okla. City Mun. Ct.*, 247 Fed. App'x 116, 118 (10th Cir. 2007)).

The doctrine holds that federal review of state-court judgments may be obtained only in the United States Supreme Court, not by collateral litigation in federal district court. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The doctrine applies to bar "a party losing in state court . .

---

[5] 28 U.S.C. § 1257(a) reads as follows:

Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States.

11

. from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). In other words, the doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The Tenth Circuit has clearly stated that allegations of fraud in the state-court proceeding do not prevent application of the *Rooker-Feldman* doctrine to bar those fraud claims. *See Tal v. Hogan*, 453 F.3d 1244, 1256-57 (10th Cir. 2006); *Bradshaw v. Gatterman*, 658 F. App'x 359, 362 (10th Cir. 2016).

"[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release . . . ." *Heck v. Humphrey*, 512 U.S. 477 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)). Therefore, Petitioner's request for relief pursuant to Fed. R. Civ. P. 60(b) is denied.

**Certificate of Appealability**

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). In addition, he has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529

U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY**, Respondent's motion to dismiss time-barred petition (Dkt. 9) is GRANTED, and this action is, in all respects, DISMISSED. Furthermore, Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this <u>19th</u> day of March 2018.

_Ronald A. White_
Ronald A. White
United States District Judge
Eastern District of Oklahoma